

UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

IN RE: GROUPON, INC., MARKETING AND
SALES PRACTICES LITIGATION                           MDL No. 2238

TRANSFER ORDER

**Before the Panel:**[*] Pursuant to 28 U.S.C. § 1407, plaintiffs in the Northern District of California *Gosling* action and the Southern District of California *Ferreira* action move for centralized pretrial proceedings of this litigation in the Northern District of California. At oral argument, plaintiffs alternatively suggested centralization in the District of the District of Columbia. Plaintiffs' motion encompasses nine actions pending in five districts, as listed on Schedule A.[2]

No party opposes centralization of this litigation, though the parties are divided as to where the actions should be centralized. Plaintiffs in all actions and potential tag-along actions pending, respectively, in the Northern District of California and the District of Massachusetts support centralization in the Northern District of California. Responding defendants[3] support centralization in either the Southern District of California or the Northern District of Illinois.

On the basis of the papers filed and the hearing session held, we find that these nine actions involve common questions of fact, and that centralization under Section 1407 will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. All actions involve common factual questions regarding Groupon's sale of gift certificates/vouchers with allegedly improper expiration dates and other objectionable provisions (e.g., requirements that gift certificates be used in a single transaction, that cash refunds will not be made for unused portions, and class action

---

[*] Judge Barbara S. Jones did not participate in the decision of this matter. Additionally, Judge Kathryn H. Vratil could be a member of the putative classes in this docket; she has renounced her participation in these classes and participated in the decision.

[2] The parties have notified the Panel of related actions pending in the Northern District of California and the District of Massachusetts. These actions and any other related actions are potential tag-along actions. *See* Rules 1.1(h), 7.1 and 7.2, R.P.J.P.M.L.

[3] Groupon, Inc. (Groupon), defendant in all actions; Nordstrom, Inc., defendant in two actions; and Fun Time LLC dba Wheel Fun Rentals, Whirly West Inc. dba WhirlyBall, and YMCA of the USA, each of which are defendants in only one action.

I hereby attest and certify on Jun 03, 2011 that the foregoing document is a full, true and correct copy of the original on file in my office and in my legal custody.

Clerk, U.S. District Court
Southern District of California

By: s/ A. Victoria
      Deputy

Case 3:11-cv-01231-DMS-RBB   Document 14   Filed 06/06/11   PageID.62   Page 2 of 3
Case MDL No. 2238   Document 51   Filed 05/25/11   Page 2 of 3

- 2 -

waiver and mandatory arbitration provisions). Plaintiffs contend that Groupon and the various retailer defendants' sale of the gift certificates/vouchers violate, *inter alia*, the federal Credit Card Accountability, Responsibility, and Disclosure Act (CARD Act) and Electronic Funds Transfer Act, as well as state consumer protection laws. As all parties agree, centralization under Section 1407 will eliminate duplicative discovery; prevent inconsistent pretrial rulings, including with respect to class certification; and conserve the resources of the parties, their counsel and the judiciary.

We are of the opinion that the Southern District of California, where the first-filed action is pending, stands out as an appropriate transferee forum. Given that this litigation is nationwide in scope, any one of the three proposed transferee districts would be an acceptable choice. Our choice is the Southern District of California because it is a relatively underutilized transferee district that is located in an accessible metropolitan area. By centralizing this litigation before Judge Dana M. Sabraw, we are selecting a jurist experienced in multidistrict litigation who enjoys caseload conditions conducive to steering this litigation on a prudent course.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the actions listed on Schedule A and pending outside the Southern District of California are transferred to the Southern District of California and, with the consent of that court, assigned to the Honorable Dana M. Sabraw for coordinated or consolidated pretrial proceedings with the action listed on Schedule A and pending in that district.

PANEL ON MULTIDISTRICT LITIGATION

_____
John G. Heyburn II
Chairman

Kathryn H. Vratil          W. Royal Furgeson, Jr.
Frank C. Damrell, Jr.      Paul J. Barbadoro

IN RE: GROUPON, INC., MARKETING AND
SALES PRACTICES LITIGATION                                              MDL No. 2238

### SCHEDULE A

Northern District of California

Sarah Gosling v. Groupon, Inc., C.A. No. 3:11-01038
William Eidenmuller v. Groupon, Inc., C.A. No. 4:11-00984

Southern District of California

Anthony Ferreira v. Groupon, Inc., et al., C.A. No. 3:11-00132

District of District of Columbia

Carlos Vazquez v. Groupon, Inc., et al., C.A. No. 1:11-00495

Southern District of Florida

Jason Cohen v. Groupon, Inc., C.A. No. 9:11-80149

Northern District of Illinois

Eli R. Johnson v. Groupon, Inc., et al., C.A. No. 1:11-01426

District of Minnesota

Ashley Christensen v. Groupon, Inc., et al., C.A. No.0:11-00501
Brian Zard v. Groupon, Inc., C.A. No. 0:11-00605

Northern District of Ohio

Heather Kimel v. Groupon, Inc., et al., C.A. No. 5:11-00488